UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALEXANDRA LOVE PROSPEROUS,

       Plaintiff,

v.                      Case No. 8:17-cv-996-T-33MAP

KIMBERLY TODD, et al.,

       Defendants.
_____/

## ORDER

This matter comes before the Court upon consideration of three motions filed by Plaintiff Alexandra Love Prosperous, who is proceeding pro se. Prosperous seeks the Court's "authorization to use [the United States Marshals Service] for delivery of summons" (Doc. # 79), which the Court construes as a motion under Federal Rule of Civil Procedure 4(c)(3). Prosperous also seeks leave to use the Court's CM/ECF filing system and leave to correct a defendant's name. (Doc. ## 80, 82). The Court denies the construed Rule 4(c)(3) motion, but grants the motion to use CM/ECF and the motion to amend a defendant's name as specified below.

### A.   Service by Marshal

By her motion, Prosperous "request[s] [the] court's authorization to use [the] US marshals for delivery of

summons." (Doc. # 79 at 1). The Court construes this motion as a motion made under Rule 4(c)(3), which states that, "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specifically appointed by the court." Fed. R. Civ. P. 4(c)(3). Because Prosperous has paid her filing fee, the Court is not obligated to order service be made by a United States marshal. Cf. Id. ("The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

"[A]lthough Rule 4(c)(3) . . . gives the Court discretion to order the United States Marshal to serve civil process, the Advisory Committee Notes state that [such] appointment . . . is generally proper when it is necessary to keep the peace, a circumstance not present in the instant case." Nappi v. Welcom Prods., Inc., No. 8:13-cv-3183-T-33TGW, 2014 WL 2050826, at *2 (M.D. Fla. May 19, 2014) (citation omitted). In addition, a plaintiff requesting appointment of the United States Marshal in order to comply with the service requirements of Rule 4 must provide a factual basis for why a court order is necessary to accomplish service. See, e.g., GMAC Real Estate, LLC v. Waterfront Realty Grp., Inc., No.

2:09-cv-546-FtM-36SPC, 2010 WL 2465170, at *2 (M.D. Fla. June 10, 2010).

While Prosperous indicates she "used [the] US marshals service for delivery of summons in this case previously" and "paid the US marshals service for delivery of summons in this case," there is no indication that appointment of the United States Marshals service is necessary to keep the peace. Likewise, there is no indication for why a Court order is necessary to accomplish service. Rule 4 provides several ways of effecting service and allows a plaintiff to request waiver of service. Fed. R. Civ. P. 4(d), (e). Thus, to the extent Prosperous requests that this Court order the United States Marshal or a deputy marshal to act as her process server under Rule 4(c)(3), the motion is denied. The Court, however, notes there are several alternatives available to Prosperous, for example she may retain a private process server or she may request the defendants waive service.

### B.   Use of CM/ECF

The Court authorizes Prosperous's use of CM/ECF in this action. Prosperous is directed to visit the Court's website and register for CM/ECF accounts (login and password) with the assistance of the Clerk's office. Prosperous is directed to contact Ariel Guzman at (813) 301-5439 for assistance.

Once Prosperous receives her CM/ECF account, she is directed to utilize the Court's electronic case management filing system when filing any document with the Court.

Prosperous is cautioned that she must comply with the Local Rules of the Middle District of Florida, the Federal Rules of Civil Procedure, and the Administrative Procedures for Electronic Filing. The Court directs Prosperous to review these rules prior to filing any document on CM/ECF. Additional information regarding CM/ECF is available on the Court's website at www.flmd.uscourts.gov.

### C. __Amending a Defendant's Name__

Prosperous seeks leave to change a defendant's name. (Doc. # 82). Specifically, Prosperous seeks to change the St. Petersburg Police Department to the proper entity, which is the City of St. Petersburg. (Id.). The Court grants Propserous's motion to the extent that the Court previously granted her leave to file a second amended complaint. (Doc. # 78). If and when Prosperous elects to file a second amended complaint, she may correct the defendant's name from the St. Petersburg Police Department to the City of St. Petersburg. The Court reminds Prosperous that the deadline for filing a second amended complaint is June 19, 2017.

Accordingly, it is

4

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Prosperous's construed Rule 4(c)(3) motion (Doc. # 79) is **DENIED.**

(2) Prosperous's motion for leave to use CM/ECF (Doc. # 80) is **GRANTED**. Prosperous is directed to register for a CM/ECF account (login and password) with the assistance of the Clerk's Office as detailed herein.

(3) Properous's motion to amend a defendant's name (Doc. # 82) is **GRANTED** to the extent that the Court previously granted Prosperous leave to file a second amended complaint, which is due by June 19, 2017.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 25th day of May, 2017.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

5