UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALEXANDRA LOVE PROSPEROUS,

    Plaintiff,

v.                               Case No. 8:17-cv-996-T-33MAP

AGNES MCCABE, et al.,

    Defendants.
_____/

**ORDER**

On April 28, 2017, Pro se Plaintiff Alexandra Love Prosperous filed a Complaint, which was dismissed sua sponte by the Court on May 3, 2017, for failure to comply with the pleading requirements. (Doc. ## 1, 36). Prosperous filed an Amended Complaint that still failed to comply with those requirements on May 16, 2017, and the Court sua sponte dismissed it on May 22, 2017. (Doc. # 44, 78). After Prosperous filed the Second Amended Complaint on June 9, 2017 (Doc. # 85), multiple Defendants responded by filing motions to dismiss. (Doc. ## 99, 100, 103, 107). Prosperous failed to respond to those motions and the Court dismissed and closed the case on July 12, 2017. (Doc. # 108). On motion from Prosperous, the Court reopened the case to allow her to file

a Third Amended Complaint (Doc. ## 109, 110), which she did on August 22, 2017 (Doc. # 112).

This matter comes before the Court upon consideration of three motions to dismiss the Third Amended Complaint (Doc. # 112) filed by Defendants the Office of Ken Burke (Doc. # 141), Agnes McCabe (Doc. # 142), and Directions for Living, Jessica Long, and Rochelle Noel (Doc. # 140). As discussed below, because Prosperous has failed to respond, the Court grants the motions to dismiss to the extent that it dismisses the case without prejudice and directs the Clerk to close this case.

**Discussion**

The motions to dismiss now before the Court were filed on August 30, 2017 (Doc. ## 140, 141), and September 1, 2017 (Doc. # 142). Each motion to dismiss was provided to Prosperous via United States mail. (Doc. ## 140 at 9, 141 at 7, 142 at 11). The time for Prosperous to respond to these motions passed on September 18, 2017, which includes three additional days for mailed service. Fed. R. Civ. P. 6(d); Local Rule 3.01(b). For the reasons set forth below, the Court considers the motions unopposed.

On May 4, 2017, the Court warned Prosperous that she has "a continuing obligation to regularly monitor the docket."

(Doc. # 37 at 10). The Court explained, "[i]f a response is not timely filed, the Court may assume Plaintiff does not oppose that motion and any relief requested by it." (Id. at 7).

After the Court sua sponte dismissed the Amended Complaint, Prosperous requested access to CM/ECF. (Doc. # 80). She stated that "[t]he ability to e-file . . . is essential to [her] ability to represent herself in this case." (Id. at ¶ 4). The Court granted the request on May 25, 2017. (Doc. # 84). Despite this, Prosperous did not register for the service.

Prosperous filed her Second Amended Complaint on June 9, 2017. (Doc. # 85). Multiple Defendants then moved to dismiss the Second Amended Complaint between June 21 and 27, 2017. (Doc. ## 99, 100, 103, 107). Prosperous failed to respond and the Court dismissed and closed the case on July 12, 2017. (Doc. # 108).

On July 24, 2017, Prosperous moved to reopen the case, stating that she did not receive notice of the motions to dismiss. (Doc. # 109). The Court reopened the case, despite the fact that the situation was "one of her own making" due to her failure to register for CM/ECF and "in spite of the fact that Prosperous did receive notice of at least one of

3

the motions to dismiss." (Doc. # 110 at 3). The Court gave Prosperous the opportunity to file a third amended complaint but reiterated its earlier warnings:

> the Court previously warned Prosperous she would only receive 14 days to respond to motions and that failure to timely file a response would allow the Court to 'assume Plaintiff does not oppose [the] motion and any relief requested by it.' (Doc. # 37 at 7). Going forward, Prosperous should remember that she retains a duty to actively monitor the docket, which she can do through CM/ECF or PACER . . . .

(Doc. # 110 at 3-4).

Prosperous remains unregistered for CM/ECF. But, as discussed above, Prosperous must still regularly monitor the docket. See Yeschick v. Mineta, 675 F.3d 622, 629-30 (6th Cir. 2012); MB REO-FL Church-2 LLC v. Tampa for Christ Church, Inc., No. 8:16-cv-276-T-33AEP, 2017 WL 2123493 (M.D. Fla. May 16, 2017). If a motion is filed that she opposes, she must timely respond within seventeen days (while she still relies on mail service) or risk the Court assuming she does not oppose the motion.

Prosperous had until on September 18, 2017, to respond to the three motions to dismiss now before the Court. Despite the additional time the Court has waited to rule on the motions to dismiss, Prosperous has not filed a response in

4

opposition to the motions. The Court considers the motions unopposed and grants them to the extent that the Court dismisses the case without prejudice.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

1. The motions to dismiss filed by the Office of Ken Burke (Doc. # 141), Agnes McCabe (Doc. # 142), and Directions for Living, Jessica Long, and Rochelle Noel (Doc. # 140) are **GRANTED,** as unopposed, to the extent that the case is dismissed without prejudice.
2. This case is **DISMISSED** without prejudice.
3. The Clerk is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>4th</u> day of October, 2017.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE